- 1 -

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE,<br>    Plaintiff,<br><br>v.<br><br>BRIAN BUTLER, CITY OF SALEM and<br>SALEM POLICE DEPARTMENT<br>    Defendants | COMPLAINT AND<br>JURY DEMAND<br><br>Civil Action No.: 1:18-CV-11531 |

## COMPLAINT & JURY DEMAND

### INTRODUCTION

1. The Plaintiff, "John Doe", a fictional name used to protect the privacy of the plaintiff, brings this civil rights and negligence action for damages sustained when he was sexually assaulted by Officer Brian Butler of the Salem Police Department while in the custody of the Salem Police Department.

### JURISDICTION

2. This action is brought pursuant to 42 USC §§ 1983, 1988 and the Fourth and Fourteenth Amendment to the United States Constitution, G.L. c. 12, §§ 11I, the Massachusetts Declaration of Rights, G.L. c. 258, and the common law. This court has jurisdiction to adjudicate those claims that present a federal question under 28 USC §§ 1331 and 1343.

3. This Court has supplemental jurisdiction to adjudicate claims arising under state law by and through 28 USC §1367.

4. The amount in controversy, both in the aggregate and as to each individual defendant, is more than $75,000.00 as the actions of the defendants were egregious and the injuries and damages alleged by the Plaintiff are significant and permanent, in nature.

## **PARTIES**

5. The plaintiff, John Doe is an individual residing in South Yarmouth, Barnstable County, Massachusetts.

6. The defendant, City of Salem is a City located within the Commonwealth of Massachusetts with a principal place of business at 93 Washington Street, Salem, Essex County, Massachusetts.  Defendant City of Salem is a public employer within the meaning of M.G.L. c. 258, §1, et. seq.

7. The defendant, Salem Police Department is an agency of the City of Salem, Massachusetts with a principal place of business located at 95 Margin Street, Salem, Essex County, Massachusetts.

8. At all relevant times, the Defendant, Brian Butler, was a Police Officer with the City of Salem Police Department whose last known address was at 44 Valley Street, Salem, Essex County, Massachusetts.  Officer Butler is now in the Custody of the Commonwealth of Massachusetts.

## **GENERAL ALLEGATIONS**

9. On or about October 31, 2016, and at all relevant times herein, the plaintiff, John Doe, was in protective custody within the Salem Police Station in the City of Salem, Essex County, Massachusetts.

10. On or about October 31, 2016, and at all relevant times herein, Defendant Brian Butler was on duty as a police officer for the Salem Police Department

11. On or about October 31, 2016, while in the course of his employment with the City of Salem and the Salem Police Department, Defendant Brian Butler entered the locked holding area within the Salem Police Department and engaged in a non-consensual sexual act with Plaintiff John Doe.

12. As a result of the aforementioned incident, Plaintiff John Doe has required psychological medical care and treatment, suffered damages, including, but not limited to, extreme emotional distress, loss of enjoyment of life and lost wages.

13. Defendant Brian Butler has been convicted of indecent sexual assault and battery against Plaintiff John Doe in the Essex County Superior Court and is currently incarcerated in a Commonwealth of Massachusetts correctional facility.

14. Defendant Brian Butler has been suspended and/or terminated from his employment as a police officer with the Salem Police Department and City of Salem as a result of the previously described incident.

15. The Plaintiff's injuries and other damages were caused by the negligence, gross negligence and/or intentional conduct of one or more agents, servants and/or employees of the City of Salem and the Salem Police in failing to properly maintain the safe and secure housing of the Plaintiff as well as in failing to provide and/or maintain proper care and custody of the Plaintiff.

16. The above-described conduct of the Defendant is proscribed by the Constitution of the United States and the Constitution of the Commonwealth of Massachusetts and, consequently, constitutes a violation of his civil rights.

17. The physical abuse inflicted upon the Plaintiff was done under the color of law without legal justification.  Such actions by the Defendants constitutes the unreasonable use of authority, unlawful detention, sexual assault and battery and were violations of the Plaintiff's civil rights pursuant to the state and federal constitutions.

18. The injuries sustained by the Plaintiff were a direct and proximate result of the actions of the Defendants, Salem Police Department, City of Salem, Massachusetts, and Brian Butler in his individual and official capacity.

### **PLAINTIFF JOHN DOE'S CLAIMS AGAINST THE DEFENDANT, BRIAN BUTLER**

### **COUNT I - VIOLATION OF 42 U.S.C. §1983**

19. The plaintiff repeats and reavers the foregoing paragraphs as if set forth fully herein.

20. The conduct of the Defendant described herein violated the Plaintiff's federal civil rights, including but not limited to his right to be free from excessive force, the right to be free from criminal acts, the right to equal protection under the law and the right to security of the person.

21. The defendant violated the plaintiff's civil rights while acting under the color of law.

22. As a direct and proximate result of the violations of John Doe's civil rights by the Defendant, Mr. Doe was deprived of his liberty and was caused to suffer physical and mental pain and suffering, great humiliation, emotional distress, lost wages and other damages.

WHEREFORE, the plaintiff, John Doe, demands judgment against the defendant, Brian Butler, in the amount of his damages, plus costs, interest and reasonable attorneys' fees.

## **COUNT II - INDECENT ASSAULT & BATTERY AND/OR RAPE**

23. The plaintiff repeats and reavers the foregoing paragraphs as if set forth fully herein.

24. While in the protective custody of the Salem Police Department, Defendant Brian Butler raped and/or indecently assaulted and battered the Plaintiff.

25. As a direct and proximate result of the violations of John Doe's civil rights by the Defendant, Mr. Doe was deprived of his liberty and was caused to suffer physical and mental pain and suffering, great humiliation, emotional distress, lost wages and other damages.

WHEREFORE, the plaintiff, John Doe, demands judgment against the defendant, Brian Butler, in the amount of his damages, plus costs, interest and reasonable attorneys' fees.

## COUNT III - VIOLATION OF G.L. c. 12 §11I

26. The plaintiff repeats and reavers the foregoing paragraphs as if set forth fully herein.

27. The conduct of the Defendant described herein violated the civil rights of the plaintiff as guaranteed by the United States Constitution and the Massachusetts Declaration of Rights, including but not limited to the right to be free from excessive force, the right to be free from indecent assault and battery and/or rape, the right to equal protection under the law and the right to security of the person, thereby causing damages for which the Plaintiff is entitled to recover.

28. As a direct and proximate result of the violations of John Doe's civil rights by the Defendant, Mr. Doe was deprived of his liberty and was caused to suffer physical and mental pain and suffering, great humiliation, emotional distress, lost wages and other damages.

WHEREFORE, the plaintiff, John Doe, demands judgment against the defendant, Brian Butler, in the amount of his damages, plus costs, interest and reasonable attorneys' fees.

## COUNT IV - INDECENT ASSAULT AND BATTERY AND/OR RAPE VIOLATION OF THE FOURTH AMENDMENT

29. The plaintiff repeats and reavers the foregoing paragraphs as if set forth fully herein.

30. The conduct of the Defendant described herein violated the civil rights of the plaintiff as guaranteed by the United States Constitution and the Massachusetts Declaration of Rights, including but not limited to the right to be free from excessive force, the right to be free from crimes against his person, the right to equal protection under the law and the right to security of the person, thereby causing damages for which the Plaintiff is entitled to recover.

31. As a direct and proximate result of the violations of John Doe's civil rights by the Defendant, Mr. Doe was deprived of his liberty and was caused to

suffer physical and mental pain and suffering, great humiliation, emotional distress, lost wages and other damages.

WHEREFORE, the plaintiff, John Doe, demands judgment against the defendant, Brian Butler, in the amount of his compensatory and punitive damages, plus costs, interest, reasonable attorneys' fees and such further relief as the Court deems equitable and just.

## **COUNT V- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

32. The plaintiff repeats and reavers the foregoing paragraphs as if set forth fully herein.

33. The acts engaged in by the Defendant was intentional, wanton, oppressive and outrageous

34. The Defendant intended to inflict emotional distress upon the plaintiff or knew or should have known that emotional distress was the likely result of his conduct

35. The acts engaged in by the Defendant were extreme and outrageous, were beyond all possible bounds of decency and were utterly intolerable in a civilized community

36. The conduct described herein by the Defendant caused the Plaintiff emotional distress.

37. The emotional distress sustained by the Plaintiff was severe and of a nature that no reasonable person could be expected to endure

38. As a direct and proximate result of the willful, wanton, reckless and/or grossly tortious actions taken by the Defendant, the Plaintiff was caused to suffer great humiliation, embarrassment, anxiety, fear, apprehension, depression, great personal discomfort and extreme emotional distress, lost wages and other damages.

WHEREFORE, the plaintiff, John Doe, demands judgment against the defendant, Brian Butler, of compensatory and punitive damages plus costs of suit, interest,

reasonable attorneys' fees and such further relief as the Court deems equitable and just.

## PLAINTIFF JOHN DOE'S CLAIMS AGAINST THE DEFENDANT, SALEM POLICE DEPARTMENT

### COUNT VI - VIOLATION OF 42 U.S.C. §1983

39. The plaintiff repeats and reavers the foregoing paragraphs as if set forth fully herein.

40. The policies and/or customs of the Defendant, Salem Police Department, caused violations of the Plaintiff's federal civil rights, including but not limited to his right to be free from excessive force, the right to equal protection under the law and the right to security of the person, by and through the Defendant's policy and/or custom of failing to properly maintain safe and secure housing for those in protective custody, as well as in failing to provide and/or maintain proper care and custody for those in protective custody.

41. The defendant, Salem Police Department's policies, procedures, actions and/or inactions allowed the defendant, Officer Brian Butler, to violate the plaintiff's civil rights while acting under the color of law.

42. As a direct and proximate result of the violations of "John Doe's" civil rights, Mr. Doe was deprived of his liberty and was caused to suffer physical and mental pain and suffering, great humiliation, emotional distress, lost wages and other damages.

WHEREFORE, the plaintiff, John Doe, demands judgment against the defendant, Salem Police Department, in the amount of his damages, plus costs, interest and reasonable attorneys' fees.

### COUNT VII – NEGLIGENCE AND/OR GROSS NEGLIGENCE

43. The plaintiff repeats and reavers the foregoing paragraphs as if set forth fully herein.

44. At all times material, the Defendant, Salem Police Department, had a duty to take reasonable steps to train, supervise and oversee its employee police officers.

45. On or about October 31, 2016, the Defendant, Salem Police Department, breached said duty when it negligently failed to take reasonable steps to adequately train, supervise and oversee Officer Brian Butler, allowing Officer Butler to sexually assault the plaintiff on at least two separate occasions during the Plaintiff's time at the police station.

46. As a direct and proximate result of the Defendant's negligence and/or willful, wanton, reckless and/or grossly tortious conduct, the Plaintiff was caused to suffer great humiliation, embarrassment, anxiety, fear, apprehension, depression, great personal discomfort and extreme emotional distress, lost wages and other damages.

47. Plaintiff has satisfied all conditions precedent to the bringing of this cause of action in accordance with M.G.L. c. 258, Section 4.

WHEREFORE, the plaintiff, John Doe, demands judgment against the defendant, Salem Police Department, of compensatory and punitive damages plus costs of suit, interest, reasonable attorneys' fees and such further relief as the Court deems equitable and just.

## **PLAINTIFF JOHN DOE'S CLAIMS AGAINST THE DEFENDANT, CITY OF SALEM**
## **COUNT VIII - VIOLATION OF 42 U.S.C. §1983**

48. The plaintiff repeats and reavers the foregoing paragraphs as if set forth fully herein.

49. The policies and/or customs of the Defendant, City of Salem, caused violations of the Plaintiff's federal civil rights, including but not limited to his right to be free from excessive force, the right to equal protection under the law and the right to security of the person, by and through the Defendant's policy and/or custom of failing to properly maintain safe and secure housing for those in protective custody, as well as in failing to provide and/or maintain proper care and custody for those in protective custody.

Case 1:18-cv-11531-JCB   Document 1   Filed 07/23/18   Page 9 of 10

- 9 -

50. The defendant, City of Salem's policies, procedures, actions and/or inactions allowed the defendant, Officer Brian Butler, to violate the plaintiff's civil rights while acting under the color of law.

51. As a direct and proximate result of the violations of John Doe's civil rights, Mr. Doe was deprived of his liberty and was caused to suffer physical and mental pain and suffering, great humiliation, emotional distress, lost wages and other damages.

WHEREFORE, the plaintiff, John Doe, demands judgment against the defendant, City of Salem, in the amount of his damages, plus costs, interest and reasonable attorneys' fees.

## COUNT VII – NEGLIGENCE AND/OR GROSS NEGLIGENCE

52. The plaintiff repeats and reavers the foregoing paragraphs as if set forth fully herein.

53. At all times material, the Defendant, City of Salem, had a duty to take reasonable steps to train, supervise and oversee its employee police officers.

54. On or about October 31, 2016, the Defendant, City of Salem, breached said duty when it negligently failed to take reasonable steps to adequately train, supervise and oversee Officer Brian Butler, allowing Officer Butler to sexually assault the plaintiff on at least two separate occasions during the Plaintiff's time at the police station.

55. As a direct and proximate result of the Defendant's negligence and/or willful, wanton, reckless and/or grossly tortious conduct, the Plaintiff was caused to suffer great humiliation, embarrassment, anxiety, fear, apprehension, depression, great personal discomfort and extreme emotional distress, lost wages and other damages.

56. Plaintiff has satisfied all conditions precedent to the bringing of this cause of action in accordance with M.G.L. c. 258, Section 4.

WHEREFORE, the plaintiff, John Doe, demands judgment against the defendant, City of Salem, of compensatory and punitive damages plus costs of suit, interest, reasonable attorneys' fees and such further relief as the Court deems equitable and just.

## JURY CLAIM

The plaintiff claims a trial by jury on all causes of action set forth herein.

## CERTIFICATION OF COUNSEL AND CLOSING

Under Rule 11 of the Federal Rule of Civil Procedure, by signing below, I certify to the best of my knowledge, information and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully Submitted
The Plaintiff
By his Attorneys,

/s/ Adam H. Becker
Adam H. Becker - BBO #561032
Claudine A. Cloutier, BBO # 631435
KECHES LAW GROUP, P.C.
2 Granite Avenue, Suite 400
Milton, MA 02186
Tel. No.: (508) 822-2000
Abecker@kecheslaw.com

Dated:  July 23, 2018